TAYLOR, Judge.
This case is appealed to this court from district court pursuant to § 12-12-72(1), Code of Alabama 1975, on the grounds of failure to prove the results of an alcohol test. The only prosecution witness, the arresting officer, observed the appellant drive on the wrong side of the road, and weave across the center line, several times. The witness, a state trooper, stopped him and detected a strong odor of alcohol on his breath. The trooper stated that appellant was cooperative, and did not give the appearance of being intoxicated. Appellant failed a alcohsensor test, a field testing device whose results are used as an aid to the officer, but not as evidence in court. The trooper took him to the Foley Police Station, where, an hour later, a test was administered. The trooper testified that the machine used was the new Intoxolizer machine, not the PEI machine, and that he did not know much about it. He testified that he had no training whatever in the operation of that machine or any other. *726 He was a spectator as Officer Resmondo appeared to calibrate the machine and appeared to follow a procedure from a card by checking off each step. He saw the result on the machine was .14% blood alcohol content. The trooper could not testify whether the machine was functioning or if the correct procedures were used. The court “took judicial notice” of the testing officer’s qualifications.
The- trooper testified that the three things that made him suspect the appellant of being under the influence were the way he operated his vehicle, the smell of alcohol, and the test given on the scene, the “spot test.” He said that if the appellant had passed the spot test he would not have taken him in.
The officer who administered the test never testified. At an appropriate time the appellant moved to dismiss the charges for failure to make out a prima facie case. The state did not establish the traditional nonstatutory foundation required for the introduction of the scientific test results. Neither did the state prove the validity of the test by following the statute. There was no testimony as to the validity of the test, the reliability of the instrument, or the qualifications of the operator, nor the current working condition of the machine. No foundation was built to support introduction of the results of the test. Consequently, under the rule of Moore v. State, 442 So.2d 164 (Ala.Cr.App.1983), we have no choice but to rule that the state failed to make out a prima facie case.
REVERSED AND RENDERED.
All the Judges concur.